2018-1922

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

ATEN INTERNATIONAL CO., LTD.,
*Plaintiff-Appellee,*

v.

UNICLASS TECHNOLOGY CO., LTD, ELECTRONIC TECHNOLOGY CO., LTD., AIRLINK 101, PHOEBE MICRO, INC., BROADTECH INTERNATIONAL CO., LTD. D/B/A LINKSKEY, BLACK BOX CORPORATION, BLACK BOX CORPORATION OF PENNSYLVANIA,
*Defendants-Appellants.*

Appeal from the U.S. District Court for the Central District of California in *ATEN International Co., Ltd., v. Uniclass Technology Co. Ltd., et al.,* Civil Action No. 2:15-cv-04424-AG-AJW, Judge Andrew J. Guilford.

# RESPONSE BRIEF OF PLAINTIFF-APPELLEE ATEN INTERNATIONAL CO., LTD.

Lei Mei
Richard P. Hadorn
P. Andrew Riley
Laurence M. Sandell
MEI & MARK LLP
818 18th Street NW, Suite 410
Washington, DC 20006
202-256-1008

*Counsel for Plaintiff-Appellee ATEN International Co., Ltd.*

December 6, 2018

## CERTIFICATE OF INTEREST

In accordance with Federal Circuit Rule 47.4, Counsel for Plaintiff-Appellee certifies the following:

1. The full name of every party or amicus represented by me:

ATEN International Co., Ltd.

2. The name of the real party in interest if the party named in the caption is not the real party in interest:

ATEN International Co., Ltd.

3. The corporate disclosure statement prescribed in Federal Rule of Appellate Procedure 26.1 and identifying each party with its parent corporation or any publicly held corporation that owns 10% or more of its stock:

None.

4. The names of all law firms and the partners and associates that have appeared for the party in the lower tribunal or are expected to appear for the party in this court and who are not already listed on the docket for the current case:

- **Mei & Mark LLP**: Freeman A. Mark, Irene H. Chen, and Manni Li.
- **Devlin Law Firm LLC**: Michael A. Siem and Timothy Devlin.
- **Fish and Richardson PC**: Andrew G. Pearson, Christopher R. Dillon, Craig E. Countryman, Jane J. Du, and Whitney A. Reichel.
- **Orrick Herrington and Sutcliffe LLP**: Anthony J. Tartaglio.
- **Finnegan Henderson Farabow Garrett and Dunner LLP**: E. Robert Yoches.
- **Holland and Knight LLP**: Grace L. Pan and R David Donoghue.
- **OPES Law PC**: Kuan-Hsun Chiu and Laurence Kao.
- **Law Offices of Seth Wiener**: Seth W. Wiener.
- **Farney Daniels PC**: Steven Robert Daniels.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal:

*ATEN International Co., Ltd., v. Uniclass Tech. Co., Ltd. et al.*,
Federal Circuit Appeal No. 18-1606.

December 6, 2018

Respectfully submitted,

/s/ *Lei Mei*
Lei Mei
*Counsel for Plaintiff-Appellee*
*ATEN International Co., Ltd.*

## TABLE OF CONTENTS

Page

I. STATEMENT OF RELATED CASES .......... 1

II. STATEMENT OF THE ISSUES .......... 1

III. STATEMENT OF THE CASE .......... 1

A. Introduction .......... 1

B. The Parties' Prior Dealings .......... 4

C. The District Court Litigation .......... 4

1. ATEN Files the Complaint .......... 4

2. Relevant Pre-Trial Orders .......... 5

3. ATEN's Good-Faith, Pre-Trial Settlement Offers .......... 8

4. Trial and Verdict .......... 8

5. Exceptional Case Briefing .......... 9

IV. SUMMARY OF ARGUMENT .......... 9

V. ARGUMENT .......... 11

A. Legal Standards .......... 11

B. The District Court Did Not Abuse Its Discretion in Denying Uniclass' Motion for Exceptional Case Determination .......... 14

1. The District Court's Assessment of the Merits of Uniclass' Motion Is Supported by Evidence and Sound Reasoning .......... 14

2. Uniclass Fails to Demonstrate Error in the District Court's Order .......... 20

VI. CONCLUSION .......... 40

## TABLE OF AUTHORITIES

**Cases** **Page**

*AdjustaCam, LLC v. Newegg, Inc.*,
861 F.3d 1353 (Fed. Cir. 2017) .................................................... 30, 31

*Apple Inc. v. Samsung Elecs. Co.*,
809 F.3d 633 (Fed. Cir. 2015) ..........................................................12

*ATEN Int'l Co. v. Uniclass Tech. Co.*,
Appeal No. 18-1606 (Fed. Cir. filed Feb. 21, 2018) .................................... 1, 8-9

*Bayer CropScience AG v. Dow AgroSciences LLC*,
851 F.3d 1302 (Fed. Cir. 2017) ........................................................11

*Baxter Int'l, Inc. v. McGaw, Inc.*,
149 F.3d 1321 (Fed. Cir. 1998) ........................................................25

*Beckman Instruments, Inc. v. LKB Produkter AB*,
892 F.2d 1547 (Fed. Cir. 1989) .......................................................32

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*,
858 F.3d 1371 (Fed. Cir. 2017) .................................................... 12, 24

*EON Corp. IP Holdings, LLC v. FLO TV Inc.*,
No. 10-812-RGA, 2014 U.S. Dist. LEXIS 71753 (May 27, 2014) ............ 26, 27

*Fresenius USA, Inc. v. Baxter Int'l., Inc.*,
582 F.3d 1288 (Fed. Cir. 2009) ............................................... 32, 39-40

*Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*,
790 F.3d 1369 (Fed. Cir. 2015) .................................................... 16, 19

*Highmark Inc. v. Allcare Health Management Sys., Inc.*,
134 S. Ct. 1744 (2014) ......................................................... 9, 11, 12

*Homeland Housewares, LLC v. Sorensen Res. & Dev. Trust*,
581 Fed. Appx. 877 (Fed. Cir. 2014)..................................................24

*Honeywell Int'l, Inc. v. Fujifilm Corp.*,
708 Fed. Appx. 682 (Fed. Cir. Jan. 11, 2018) .......................................33

*Insite Vision Inc. v. Sandoz, Inc.*,
783 F.3d 853 (Fed. Cir. 2015) .................................................................. 12-13

*Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*,
603 F.3d 943 (Fed. Cir. 2010) ..........................................................24-25, 31-32

*Motorola, Inc. v. Interdigital Tech. Corp.*,
121 F.3d 1461 (Fed. Cir. 1997) ................................................................ 11-12

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
134 S. Ct. 1749 (2014).................................................................. 10, 12, 13, 33

*Parallel Networks, LLC v. Kayak Software Corp.*,
700 Fed. Appx. 1000 (Fed. Cir. 2017)..............................................................39

*Rentrop v. Spectranetics Corp.*,
550 F.3d 1112 (Fed. Cir. 2008) ........................................................... 32-33, 40

*Romag Fasteners, Inc. v. Fossil, Inc.*,
866 F.3d 1330 (Fed. Cir. 2017) ........................................................... 11-13, 29

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*,
781 F.2d 198 (Fed. Cir. 1986) .................................................................. 13-14

*SFA Sys., LLC v. Newegg Inc.*,
793 F.3d 1344 (Fed. Cir. 2015) .......................................................................13

*Stephens v. Tech Int'l, Inc.*,
393 F.3d 1269 (Fed. Cir. 2004) .......................................................................23

*Stone Basket Innovations, LLC v. Cook Med. LLC*,
892 F.3d 1175 (Fed. Cir. June 11, 2018)..............................................2-3, 19-20

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
No. 12-cv-00329-AG, 2015 U.S. Dist. LEXIS 91403 (C.D. Cal. Mar. 10, 2015)
.........................................................................................................................25

*Univ. of Utah v. MaxPlanck-Gesellschaft zur Foerderung der Wissenschaften e.V.*,
851 F.3d 1317 (Fed. Cir. 2017) ........................................................... 18, 22-23

*Whitserve, LLC v. Computer Packages, Inc.*,
694 F.3d 10 (Fed. Cir. 2012) ...........................................................................36

**Statutes**

35 U.S.C. § 285 ........................................................... 1, 9-13, 19, 23, 24, 26

35 U.S.C. § 282 ........................................................................................ 24

Fed. R. Civ. P. 1 ....................................................................................... 27

Fed. R. Civ. P. 26 ..................................................................................... 27

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| **ATEN** | Plaintiff-Appellee ATEN International Co., Ltd. |
| **CUSTOMER DEFENDANTS** | All Defendants-Appellants other than Uniclass Technology Co., Ltd. and Electronic Tech. Co., Ltd. of Dongguan Uniclass—i.e., Airlink 101, Phoebe Micro Inc., Broadtech International Co., Ltd., d/b/a Linkskey, Black Box Corporation, and Black Box Corporation of Pennsylvania |
| **UNICLASS BR.** | Defendants-Appellants' Corrected Opening Brief (Nov. 2, 2018) (Dkt. 24) |
| **DISTRICT COURT** | The United States District Court for the Central District of California |
| **FEE ORDER** | The District Court's Order Re Defendants' Motion for Exceptional Case Determination under35 U.S.C. § 285 (Mar. 30, 2018) (Appx1-7) |
| **UNICLASS** | Defendants-Appellants Uniclass Technology Co., Ltd., Electronic Tech. Co., Ltd. of Dongguan Uniclass, Airlink 101, Phoebe Micro Inc., Broadtech International Co., Ltd., d/b/a Linkskey, Black Box Corporation, and Black Box Corporation of Pennsylvania |

## I. STATEMENT OF RELATED CASES

The following case now pending in this Court will directly affect or be directly affected by this Court's decision in the pending appeal: *ATEN Int'l Co., Ltd., v. Uniclass Tech. Co., Ltd. et al.*, Federal Circuit Appeal No. 18-1606. These cases—Nos. 18-1606 and 18-1922—"shall be considered companion cases and assigned to the same merits panel for oral argument." Dkt. 2.

Counsel for ATEN are unaware of any other case pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal. No other appeal in or from the same civil action in the lower court was previously before this or any other appellate court.

## II. STATEMENT OF THE ISSUES

Whether the District Court abused its discretion in denying Uniclass' motion to declare this case exceptional under 35 U.S.C. § 285.

## III. STATEMENT OF THE CASE

### A. Introduction

This appeal arises from a patent infringement lawsuit that sat with the District Court for over two years and involved complex technology, initially over 100 accused products, extensive source-code review, and injunctive relief. In the months before trial, the District Court issued various orders on the parties' motions that confirmed the merits of ATEN's infringement and validity positions, but also

reduced ATEN's potentially recoverable damages by dismissing its lost-profits claim and eliminating most of the accused products based on a motion to strike. Despite the parties' subsequent efforts to settle, the case proceeded to trial and the jury found in Uniclass' favor.

Uniclass then filed a motion for an exceptional case determination, presenting what the District Court characterized as a "slew" of "purported atrocities." Appx3-4. The District Court expressly noted that it considered all of Uniclass' arguments and evidence in its totality-of-circumstances inquiry, but found that, taken together, Uniclass failed to show that this case was exceptional. Appx7. Specifically, the District Court found that "for the most part, [Uniclass] would fault [ATEN] for rather unexceptional behavior" and chastised Uniclass for its misguided approach of "throw[ing] out as many different aspects of [ATEN's] behavior as it can to support its fee request and 'see what sticks.'" Appx4.

Unable to reconcile the "reemerging question" of why Uniclass did not raise its issues sooner if ATEN's positions were "really that much of a problem or put that much of an unreasonable burden on [Uniclass]," the District Court properly considered Uniclass' litigation tactics in assessing the totality of the circumstances. Appx5. It then held that "[a] party cannot simply hide under a rock, quietly documenting all the ways it's been wronged, so that it can march out its 'parade of horribles' after all is said and done," *id.*, which this Court has since quoted and

relied on as "persuasive" reasoning. *See Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181 (Fed. Cir. June 11, 2018).

On appeal, Uniclass argues that the District Court abused its discretion by basing its decision below on a clearly erroneous view of the evidence. But Uniclass ignores both the District Court's finding that Uniclass' own behavior weighed against exceptionality *and* this Court's approval of its underlying reasoning. *Id*. Uniclass also jettisons the vast majority of the arguments it presented below by not challenging the District Court's findings that none of them support exceptionality.

Instead, Uniclass now bases its novel "disproportionate litigation" theory of exceptionally only on a handful of arguments that it had relegated to the final six pages of its underlying motion. Appx239-244. But once Uniclass' unfounded accusations—including those of alleged improper motive, voluntary overspending, and "weak" damages theories—are stripped away, Uniclass' appeal fails.

Indeed, Uniclass' appeal rests on the fiction that fee-shifting is warranted where a plaintiff brings its case to trial and its own fees exceed its potential royalties damages, *even if* (i) its infringement and validity theories survived summary judgment motions; (ii) its damages claim was significantly truncated shortly before trial but no bad faith, improper behavior, or objective unreasonableness was found; (iii) the parties were unable to settle before trial despite plaintiff's good-faith offers; (iv) injunctive relief and trebling of damages

were still at issue; and (v) the district court found defendant's litigation behavior improper when deciding exceptionality. That is not the law, and any finding otherwise would be untenable.

No basis exists to conclude that ATEN litigated in a manner so outside the norm as to warrant an exceptionality finding under the totality of the circumstances, and the District Court's exceptionality ruling should be affirmed.

### B. The Parties' Prior Dealings

ATEN and Uniclass compete in the KVM switch original equipment manufacturer ("OEM") market in the United States. Appx990 at 102:22-103:4. In May 2009, ATEN and Uniclass entered into a license agreement concerning certain of ATEN's patents. Appx987 at 91:19-24; Appx1229-1237. In 2011, because Uniclass "believed it no longer had obligations under the license," it stopped making payments to ATEN under the terms of this license agreement. Uniclass Br. at 3 (citing Appx986-987 at 88:18-91:24).

### C. The District Court Litigation

#### 1. ATEN Files the Complaint

ATEN filed its initial complaint on August 6, 2014, in the Eastern District of Texas, alleging that Uniclass infringed claims of certain of ATEN's patents. Appx1338. The case was later transferred to the Central District of California and shortly thereafter assigned to Judge Andrew J. Guilford on June 30, 2015. Appx1329. Judge Guilford continued to preside over this case through trial in

September 2017 and authored the District Court's order denying Uniclass' motion for exceptional case determination now on appeal. Appx1-7.

### 2. Relevant Pre-Trial Orders

#### a. Order striking a portion of ATEN's final infringement contentions

On March 13, 2017, the District Court entered an order granting-in-part Uniclass' motion to strike ATEN's final infringement contentions disclosed through its expert report. Appx1474-1479. Specifically, the District Court struck only the portions of ATEN's final infringement contentions that were deemed untimely. Appx1478-1479.

The parties' dispute on this issue arose from a misunderstanding between the parties' counsel. As set forth in ATEN's opposition to Uniclass' motion to strike:

> In July, 2016, as the parties were discussing a number of discovery issues and the potential use of "representative products" to streamline presentation of the issues, they agreed to forego supplemental contentions in advance of expert reports. Instead ATEN would serve its expert report in the normal course and include any updated information in that. In return, Uniclass would address any changes or additions to the infringement theories in its own expert reports, and ATEN would not oppose any such supplementation Uniclass agreed to this process, in writing.

Appx1423. ATEN supported the above statements with a declaration from counsel and documentation of counsels' email exchange. *See*, *e.g.*, Appx1418-1419; Appx70-136.

ATEN thus presented new infringement theories and accused products in its final infringement contentions—admittedly served late—based on a reasonable, good-faith belief held by ATEN's then-counsel that they had an agreement with Uniclass' counsel not to provide formal contentions before expert reports. *See* Appx1429. Supporting the reasonableness of this belief is Uniclass' subsequent course of conduct: Uniclass allowed extensive discovery, including source code review, of the additional products in the time period between the email agreement and ATEN's service of its final infringement contentions. Appx7.

Although the District Court found that counsels' email exchange did "not constitute a waiver or estoppel to Uniclass filing a motion to strike ATEN's new infringement positions," it did not find that ATEN's counsel's position was unreasonable or that ATEN's infringement theories reflected in the final contentions were unfounded or in any way meritless. *See* Appx1478-1479.

**b. Orders on Uniclass' motions for summary judgment**

On April 24, 2017, the District Court entered three orders concerning Uniclass' various motions for summary judgment. The orders (i) denied Uniclass' motion for summary judgment of invalidity of the '141 patent (Appx1480-1485); (ii) granted-in-part Uniclass' motion for summary judgment of non-infringement (Appx1486-1497); and (iii) granted Uniclass' motion for summary judgment on ATEN's lost-profits claim (Appx136-141).

In its opposition to Uniclass' motion regarding lost profits (Appx1401-1417), ATEN set forth numerous, good-faith arguments that demonstrate that ATEN took reasonable positions concerning its lost-profits claim.

For example, because insufficient data was available for ATEN's damages expert, Mr. Snell, to conduct a market-share analysis, he reasonably relied on data from ATEN's sales witness to form his lost-profits opinion in a reasonable manner—i.e., by employing a product "mapping" theory—which ATEN, in turn, relied on in good faith. Appx1405-1406; Appx1411-1413; Appx92-94.

Further, in response to criticisms to Mr. Snell's analysis regarding market competitors and non-infringing substitutes, ATEN demonstrated that his positions were, again, reasonable and made in good faith. For example, regarding competitors, he explained in his expert report: "I have recognized that, while there is competition between ATEN and Uniclass, it might not exist across the entire lines of KVM switch products. As a result, I have employed a conservative approach to estimate the portion of accused sales that ATEN likely would have made but for the alleged infringement." Appx90. ATEN also advanced good-faith arguments as to market competitors (Appx1412-1413) and as to whether the products identified by Uniclass were indeed non-infringing substitutes (Appx1413-1416).

And despite granting Uniclass' motion and dismissing ATEN's lost-profits claim, the District Court's order contains no findings regarding any improper conduct or bad faith by ATEN in advancing its claim. *See* Appx136-141.

### 3. ATEN's Good-Faith, Pre-Trial Settlement Offers

After the summary judgment orders were entered, the parties resumed settlement negotiations. ATEN attempted to streamline the issues for trial by offering to stipulate to dismiss certain claims without prejudice. Appx.1053-1054 at 80:23-81:5. This offer was rejected by Uniclass, who insisted that ATEN dismiss its claims with prejudice and enter into a *global* settlement that included products not at issue in this case, all in exchange for $50,000. *See* Appx1508-1524. ATEN reasonably turned down Uniclass' counter-offer. As a result, this case proceeded to trial.

### 4. Trial and Verdict

The eight-day jury trial began on September 19, 2017. Appx3; Appx686. After concluding, the jury returned a verdict that Uniclass did not infringe any claims of any of the asserted patents and that two of ATEN's asserted patents were invalid. Appx3. ATEN filed a renewed motion for JMOL, and the District Court reversed the jury's finding of invalidity as to one patent. *Id*. ATEN's appeal of various other aspects of the verdict is pending before the Court and is a companion

case to this one. *ATEN Int'l Co. v. Uniclass Tech. Co.*, Appeal No. 18-1606 (Fed. Cir. filed Feb. 21, 2018).

### 5. Exceptional Case Briefing

After trial, Uniclass filed a motion to declare this case exceptional under 35 U.S.C. § 285, Appx4362, which ATEN opposed. Appx416. The District Court denied Uniclass' motion in full. Appx1-7.

## IV. SUMMARY OF ARGUMENT

"As a matter of the sound administration of justice, the district court is better positioned to decide whether a case is exceptional because it lives with the case over a prolonged period of time." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) (quotation marks and citation omitted). Such is the case here: the District Court witnessed the parties' conduct for over two years including at pre-trial hearings and an eight-day trial, assessed the credibility of witnesses, and carefully reviewed all the parties' arguments and evidence.

And despite the litany of attacks leveled on ATEN's litigation behavior in Uniclass' underlying motion, the District Court concluded that "[Uniclass'] supporting arguments reveal that for the most part, [Uniclass] would fault [ATEN] for rather unexceptional behavior. . . . And while perhaps true that [ATEN] had some shortcomings in its litigation and pre-litigation conduct and positions, the [District Court] is unconvinced that those shortcomings amount to a showing that

[ATEN's] behavior was exceptional, amounting to the type of unreasonableness discussed in *Octane*." Appx4. In finding this case not exceptional, the District Court correctly applied the Supreme Court's test in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

Uniclass presents nothing on appeal that indicates that this ruling was an abuse of discretion. For example, Uniclass claims that certain alleged inconsistencies between a handful of remarks made by the District Court during trial and its ultimate holding that ATEN's case did not stand out from others "cannot be squared" is a clearly erroneous assessment of the evidence that warrants reversal. Uniclass Br. at 22. This reflects a fundamental misunderstanding of § 285 jurisprudence. As the District Court wrote: "It's the *totality* of the circumstances that matters, not each circumstance considered in isolation. Appx4 (citing *Octane*, 134 S. Ct. at 1756) (emphasis in original).

And the District Court correctly weighed the evidence. ATEN's litigation cost-to-damages ratio was not improperly motivated by a "revenge agenda," and Uniclass offers no credible evidence in support of that claim. Further, ATEN's costs are not unreasonable in patent litigations where complex technology, over 100 accused products, and injunctive relief are at issue, especially where extensive source-code review was necessary. And although the reasonable-royalty damages requested at trial were only about $678,000, ATEN was also seeking treble

damages for willful infringement. This relatively low amount is also explained by the District Court's orders shortly before trial that struck ATEN's final infringement contentions and dismissed ATEN's lost-profits claim. If not for those orders, ATEN's damages request would have been over $10 million with treble damages.

Uniclass' arguments as to the merits of ATEN's damages claims and to ATEN's decision to keep the customer defendants in the case for trial—which are engineered to buttress Uniclass' "disproportionate litigation" theory for exceptionality—likewise fail to demonstrate that the District Court abused its discretion in ruling against Uniclass' motion.

## V. ARGUMENT

### A. Legal Standards

This Court reviews the denial of a motion for an award under 35 U.S.C. § 285 for abuse of discretion. *Highmark,* 134 S. Ct. at 1747. "Abuse of discretion is a highly deferential standard of appellate review." *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017). "In matters of judicial discretion, especially with respect to litigation procedures, the appellate court should exercise restraint in substituting its view for that of the judge who was on the spot." *Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1346 (Fed. Cir. 2017) (citing *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1468 (Fed.

Cir. 1997)).

"[T]he patent law provides the statutory right to exclude those that infringe a patented invention." *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1375 (Fed. Cir. 2017). "Enforcement of this right is not an 'exceptional case' under the patent law." *Id*. "A patentee's assertion of reasonable claims of infringement is the mechanism whereby patent systems provide an innovation incentive." *Id*. Therefore, there is a "presumption that an assertion of infringement of a duly granted patent is made in good faith." *Id*. at 1375–76.

An "exceptional" case under § 285 is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 134 S. Ct. at 1751. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. An exceptional case determination must find support in a "preponderance of the evidence." *Id*. at 1758.

A district court abuses its discretion when its ruling rests on an erroneous legal conclusion or on a clearly erroneous assessment of the evidence. *Highmark*, 134 S. Ct. at 1748 n.2; *see also Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 639 (Fed. Cir. 2015). "A factual finding is clearly erroneous if, despite some supporting evidence, we are left with the definite and firm conviction that a

mistake has been made." *Insite Vision Inc. v. Sandoz, Inc*., 783 F.3d 853, 858 (Fed. Cir. 2015) (internal quotation marks and citation omitted).

"In *Octane Fitness*, the Supreme Court made clear that it is the substantive strength of the party's litigating position that is relevant to an exceptional case determination, not the correctness or eventual success of that position." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (citing *Octane*, 134 S. Ct. at 1756). "A party's position on issues of law ultimately need not be correct for them to not 'stand out,' or be found reasonable." *Id*. (brackets omitted). It is not relevant that the non-movant's claim or defense "may have been weak, if it did not rise to the level of being objectively unreasonable." *Romag*, 866 F.3d at 1341.

The purpose behind § 285 is to prevent a party from suffering a "gross injustice"—not "as a penalty for failure to win a patent infringement suit." *Checkpoint*, 858 F.3d at 1376 (citing *Octane*, 134 S. Ct. at 1753). Indeed, "[e]ven an exceptional case does not require in all circumstances the award of attorney fees." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986).[1] "Many factors could affect this result," and "[t]he trial judge is in the best position to weigh considerations such as the closeness of the case, the tactics

[1] This Court's pre-*Octane* decisions remain as guidance for determining whether a party litigated in an unreasonable manner. *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1349 (Fed. Cir. 2015).

of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *Id*.

## B. The District Court Did Not Abuse Its Discretion in Denying Uniclass' Motion for Exceptional Case Determination

### 1. The District Court's Assessment of the Merits of Uniclass' Motion Is Supported by Evidence and Sound Reasoning

#### a. The District Court's application of *Octane* and its factual findings are well-grounded in both the law and the substantial record considered in its totality

ATEN did not litigate this case in such an unreasonable manner that it stands out from routine patent litigation. In urging the District Court to find otherwise, Uniclass took an "everything but the kitchen sink" approach in describing purportedly exceptional behavior. *See* Appx212-245. As the District Court wrote, "[t]he whole slew of [Uniclass'] position[s] and arguments are best encapsulated by one very long sentence in the Introduction section of [Uniclass'] reply brief":

> ATEN's disproportionate litigation strategy included accusing 127 products without investigating the products or claims, forum shopping to relitigate settled claim construction issues and avoid this Court, asserting an erroneously issued patent claim, accusing different products from the ones its expert examined and refusing to amend its contentions when it was notified of this mistake, switching counsel over five times without ensuring continuity, presenting a damages case that relied on "multiple layers of guesswork," filing Final Infringement Contentions in violation of the Court's Standing Patent Rules ("S.P.R."), presenting contradictory expert opinions that obfuscated its infringement and validity positions, attempting to change agreed-upon product groupings days

> before trial, outspending any potential recovery to overwhelm a small competitor, and other misbehavior that unnecessarily increased costs for the Court, the public, and [Uniclass].

Appx3 (citing Appx451-452).

In opposition, ATEN painstakingly unpacked each of Uniclass' arguments, revealing their lack of substance and demonstrating that Uniclass failed to meet its burden of showing, by a preponderance of the evidence, that this case was exceptional. *See* generally Appx416-446.

The District Court agreed. It wrote:

> At first glance, [Uniclass'] list of purported atrocities looks onerous. But [Uniclass'] supporting arguments reveal that for the most part, [Uniclass] would fault [ATEN] for rather unexceptional behavior. From the Court's perspective, [Uniclass'] strategy with its § 285 Motion seems to be to throw out as many different aspects of [ATEN's] behavior as it can to support its fee request and "see what sticks." But it would be both tedious and wasteful for the Court to consider each and every individual tree when it should be looking at the landscape in the bigger forest. It's the *totality* of the circumstances that matters, not each circumstance considered in isolation. *Octane Fitness*, *LLC*, 134 S. Ct. at 1756. And while perhaps true that [ATEN] had some shortcomings in its litigation and pre-litigation conduct and positions, the Court is unconvinced that those shortcomings amount to a showing that [ATEN's] behavior was exceptional, amounting to the type of unreasonableness discussed in *Octane*.

Appx4 (italicized emphasis in original). The District Court was also "not persuaded that either [considerations of compensation or deterrence] exist here." *Id*.

The District Court then recounted a series of "rhetorical questions [that] came to mind during a review of [Uniclass'] insistent arguments," each of which demonstrated the baseless nature of one or more of Uniclass' arguments. Appx4-5.

At this point, the District Court turned its scrutiny from ATEN's behavior to *Uniclass'* behavior: "There was a single question, however, that kept reemerging: If [ATEN's] position was really that much of a problem or put that much of an unreasonable burden on [Uniclass], why didn't Uniclass raise the issue with [ATEN] or the Court (sooner)?" Appx5. It then criticized *Uniclass'* litigation strategy:

> A party cannot simply hide under a rock, quietly documenting all the ways it's been wronged, so that it can march out its "parade of horribles" after all is said and done. That is the tenor of many of [Uniclass'] arguments here. Or alternatively, where [Uniclass] did come forward at some point and challenged [ATEN's] positions with some success, [Uniclass has] not proven that [it has] been exceptionally wronged—[Uniclass] got at least some of the relief [it] sought. And [ATEN's] behavior was not exceptional simply because it lost on those issues.

Appx5. Uniclass does not dispute that the District Court properly exercised its discretion when it weighed Uniclass' conduct when assessing the totality of the circumstances under *Octane*. *See Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015)).

The District Court then specifically addressed Uniclass' primary argument in its underlying motion—that ATEN allegedly did not conduct an adequate pre-

filing investigation (Appx222-228)—the flaws in which the District Court found were "typical" of Uniclass' subsequent arguments. *See* Appx5-6. The District Court opined:

> Probably the most concerning of [Uniclass'] arguments, and the only one the Court will specifically address, is the notion that [ATEN] failed to conduct an adequate pre-filing investigation. [Uniclass'] scatter-shot approach to this specific argument is typical of much of [Uniclass'] Motion, so it also serves as a good example in that regard. [Uniclass'] prelitigation argument relies on connecting the dots from actions [ATEN] took during litigation. . . .
>
> First and foremost, [Uniclass'] affirmative arguments regarding the sufficiency of [ATEN's] original infringement contentions and late-disclosed infringement theories leads the Court to again ask its number one reemerging question. (*I.e.*, why didn't [Uniclass] raise[s] its concerns with the contentions sooner?). The Court doesn't believe [Uniclass'] belated arguments regarding [ATEN's] contentions are sufficient to prove that [ATEN] conducted an insufficient pre-filing investigation. Second, also notably, [Uniclass] don't re-raise the point about Dr. Lavian. Enough said there. [Uniclass] simply ha[s]n't persuasively proven, by a preponderance of the evidence, that [ATEN] failed to conduct an adequate pre-filing investigation. Importantly, the burden is on [Uniclass]—not [ATEN]—to make such a showing on this Motion.
>
> At the hearing, [Uniclass] re-emphasized four additional arguments from [its] brief to support [its] argument that [ATEN] made an inadequate pre-filing investigation. But these arguments similarly focused on picking apart small details of the litigation and [ATEN's] conduct. . . .

*Id*. (citations omitted).

The District Court properly concluded that "[Uniclass'] remaining arguments similarly fail to demonstrate that, considering the totality of the

circumstances, [ATEN's] behavior was exceptional." Appx7. And ultimately found that, "[a]fter considering the parties' arguments, evidence, and the totality of the circumstances, the [District Court] finds that [Uniclass has] not shown by a preponderance of the evidence that this is an exceptional case and that [Uniclass is] entitled to attorney fees." *Id*.

The District Court thus faithfully adhered to *Octane*'s totality-of-the-circumstances test in exercising its discretion and finding that Uniclass failed to meet its burden of proving exceptionality. *Id*. And this decision was based on a review of *all* of the parties' arguments and evidence, despite Uniclass' contention otherwise. *Id*. Moreover, as this Court has recognized, "[t]he trial judge [i]s in the best position to understand and weigh the[] issues," and "ha[s] no obligation to write an opinion that reveals [his] assessment of every consideration." *Univ. of Utah v. MaxPlanck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1323 (Fed. Cir. 2017).

Because the District Court's decision is supported by evidence and sound reasoning, *see* Appx3-7, and because this case spans many years such that Judge Guilford was "in the best position to weigh the issues," *Univ. of Utah*, 851 F.3d at 1323, the District Court's decision should not be disturbed on appeal.

**b. The Federal Circuit's finding in *Stone Basket* that the District Court's reasoning at issue here is "persuasive" evidences that the District Court's assessment of the merits was reasonable and sound**

This Court's recent decision in *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175 (Fed. Cir. June 11, 2018) (Wallach, J., joined by Prost, C.J. and Taranto, J.) supports a finding that the District Court's assessment of the merits of Uniclass' motion was reasonable and sound, and thus should not be disturbed.

In *Stone Basket*, like here, this Court reviewed a district court's denial of an accused infringer's § 285 motion. There, in response to a contention that the plaintiff's litigating position was "not tenable," the district court faulted the movant for not taking "actions to ensure a rapid termination of the [case]." *Id*. at 1180-81. On appeal, the movant posited that the district court erred by citing "no authority for the proposition that tactical decisions made by the prevailing party are relevant to an assessment of the strength of the non-prevailing party's litigating positions." *Id*. at 1181.

After noting that the lower court "was well within its discretion to factor in [the movant's] litigation conduct, because 'the conduct of the parties is a relevant factor under *Octane*'s totality-of-the-circumstances inquiry, including the conduct of the movant,'" *id*. (quoting *Gaymar*, 790 F.3d at 1373), the Court then expressly

relied on the District Court's order at issue here as "persuasive" reasoning that supports its decision:

> Moreover, a "party cannot simply hide under a rock, quietly documenting all the ways it's been wronged, so that it can march out its 'parade of horribles' after all is said and done." *Aten Int'l Co. v. Uniclass Tech.*, No. CV 15-04424-AG (AJWx), 2018 U.S. Dist. LEXIS 110384, *11 (C.D. Cal. Mar. 30, 2018). ***We find this reasoning both persuasive and applicable to this case.***

*Id*. (emphasis added).

The Federal Circuit's vocal support of the District Court's decision—which Uniclass fails to explain away or even mention—further supports a finding that the decision is both sound and reasonable, and not an abuse of discretion.

### 2. Uniclass Fails to Demonstrate Error in the District Court's Order

Dissatisfied with the District Court's finding that it failed to show that ATEN's alleged "disproportionate litigation strategy" was exceptional, Uniclass again takes a "scatter-shot approach" in attempting to show that the District Court abused its discretion. *See* Uniclass Br. at 11-13, 15-27. But no proper basis in law or fact exists for Uniclass' accusations of error, which are premised on unsupported theories, misleading characterizations of the record, arguments never presented by Uniclass below, and additional unfounded assertions. As such, Uniclass fails to demonstrate that the District Court abused its discretion when denying its motion.

#### a. Uniclass' "disproportionate litigation" theory fails

Uniclass' "disproportionate litigation" theory is, at its core, premised on the existence of an unreasonably high costs-to-damages ratio that allegedly warrants an exceptionality finding. But Uniclass failed to demonstrate that the District Court erred by not finding that such an unreasonably high ratio exists, *when considering the totality of the circumstances*.

For example, ATEN's high costs—e.g., about $700,000 in fees incurred by its two experts—is not unreasonable in patent litigations where complex technology, over 100 accused products, and important injunctive relief (the parties are direct competitors) are at issue and where extensive source-code review was necessary. Indeed, ATEN's expenditures on experts show that it diligently analyzed its claims, which undercuts Uniclass' argument for exceptionality. Uniclass also disparages ATEN's pre-trial attempt to streamline the issues by offering to stipulate to dismiss certain claims without prejudice. Uniclass Br. at 18; *see* Appx1053-1054 at 80:23-81:5. But this good-faith offer was unreasonably rejected by Uniclass, who insisted that ATEN dismiss its claims *with* prejudice and enter into a *global* settlement that included products not even at issue in this case—all in exchange for $50,000. *See* Appx1508-1524.

And although the reasonable-royalty damages requested at trial were only about $678,000, ATEN was also seeking treble damages for willful infringement.

Uniclass ignores this potential trebling of damages in its opening brief when referencing ATEN's maximum recovery. Uniclass Br. at 17 ("[$700,000] exceeds ATEN's maximum recovery at trial."). Uniclass also ignores that for most of the case, ATEN's potential damages exceeded $10 million with treble damages. That changed in the months before trial when the District Court issued orders that struck ATEN's final infringement contentions (Appx1474-1479 (eliminating most of the accused products and asserted claims from the case)) and dismissed ATEN's lost-profits claim (Appx136-141). Importantly, in neither order did the District Court make any finding as to whether ATEN's infringement or damages theories were objectively unreasonable or made in bad faith.[2] *See* Appx1474-1479; Appx136-141.

ATEN raised these arguments and evidence in its opposition to Uniclass' motion, which the District Court expressly considered in determining that Uniclass failed to show that ATEN's allegedly "disproportional strategy" was exceptional. Appx7 (denying Uniclass' motion "[a]fter considering the parties' arguments, evidence, and the totality of the circumstances"). In short, the proportionality of costs-to-damages was not solely of ATEN's making and reasonably explained given the issues in this case, and Uniclass failed to prove otherwise. Because the

[2] ATEN responds separately to Uniclass' allegations concerning the merits of its lost-profits theory in Section V.B.2.e, below.

District Court "was in the best position to understand and weigh these issues," *Univ. of Utah*, 851 F.3d at 1323, and because Uniclass provides no grounds to find an abuse of discretion as discussed more fully below, ATEN submits that the District Court's decision should not be disturbed.

**b. Uniclass failed to show that an improper motivation supported its "disproportional litigation" theory**

Uniclass repeatedly asserts that ATEN was improperly motivated by "revenge" and a desire for "payback" which drove it to conduct the alleged "disproportional litigation." Uniclass Br. at 17-18, 20-22, 27. This assertion is wholly unfounded, and the District Court did not abuse its discretion in rejecting it.

*First*, in support of its accusations, Uniclass points to a statement by ATEN's *counsel* from trial where he speculated that there may be "some animosity" between the parties. As an initial matter, "an exceptional case finding is not to be based on speculation or conjecture." *Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1276 (Fed. Cir. 2004). But even if counsel's remark was true, *some* animosity between litigants embroiled in a years-long case is far from uncommon, especially considering that it was Uniclass who breached the parties' patent license agreement (Appx1230-1237), forcing ATEN to file this lawsuit.

Uniclass then attempts to contort another statement made by ATEN's *counsel* at the § 285 oral hearing:

> Your Honor, they also brought up this idea of a revenge case. There was a license agreement here. They completely walked away from it. What recourse did the [ATEN] have here to assert their rights? They had to bring this case to assert those rights, Your Honor. They were completely justified in doing that.

Uniclass Br. at 20 (citing Appx1292 at 9:12-17).

But this excerpt does not "confirm[]," as Uniclass alleges, that ATEN was "motivated by revenge and improper market suppression rather than legitimate patent infringement claims" or by "animosity towards Uniclass [that] drove it to drastically increase the costs of litigation on all parties." *Id*. Rather, ATEN's counsel's point was clear and axiomatic: ATEN was justified in asserting its presumptively valid patent in good faith against a former licensee. *See* 35 U.S.C. § 282(a) (duly issued patents are presumed valid); *Checkpoint Sys*., 858 F.3d at 1375-76 ("[T]here is a presumption that an assertion of infringement of a duly granted patent is made in good faith."); *Homeland Housewares, LLC v. Sorensen Res. & Dev. Trust*, 581 Fed. Appx. 877, 881 (Fed. Cir. 2014) (ATEN had "the right to vigorously enforce its presumptively valid patent.").

And "motivation to implement the statutory patent right by bringing suit based on a reasonable belief in infringement is not an improper motive." *Checkpoint Sys*., 858 F.3d at 1375. ATEN had such a reasonable belief at least because its infringement claims survived summary judgment. *Id*. at 1376; *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*,

603 F.3d 943, 954 (Fed. Cir. 2010) ("Absent misrepresentation to the court, a party is entitled to rely on a court's denial of summary judgment . . . as an indication that the party's claims were objectively reasonable and suitable for resolution at trial.").

*Second*, Uniclass' "evidence" of an alleged improper motivation is far different than the evidence presented in the *only case* it cites in support: *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. 12-cv-00329-AG, 2015 U.S. Dist. LEXIS 91403 (C.D. Cal. Mar. 10, 2015). Uniclass Br. at 20. In *Universal*, of record was a smoking-gun email from plaintiff's vice president of sales, stating: "We are going to get VERY aggressive on this quote. We are going to push URC's margin and price DOWN. That along with the current lawsuit should push them to the brink. This will be payback for Time Warner." *Universal*, 2015 U.S. Dist. LEXIS 91403, at *7-8. ATEN made no such statements here. Thus, *Universal* is inapposite on this issue. And the District Court correctly rejected Uniclass' argument. *See Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1330 (Fed. Cir. 1998) ("The drawing of inferences, particularly in respect of an intent-implicating question . . . is peculiarly within the province of the fact finder that observed the witnesses.").

*Third*, Uniclass also mischaracterizes the record to support its request for fees. *See, e.g.*, Uniclass Br. at 17 ("After observing ATEN's disproportionate litigation [was] motivated by revenge, the [District Court] . . . ."), 18 ("ATEN

admitted that its disproportionate litigation was motivated by revenge and improper market suppression rather than legitimate patent infringement claims.”). But as discussed above, ATEN never made any such admission, nor did the District Court make any “observ[ation]” that ATEN was “motivated by revenge.”

For each of these reasons, the District Court did not erroneously assess the evidence when finding that Uniclass’ “improper motive” argument did not support exceptionality and did not abuse its discretion.

#### c. Uniclass fails to cite supportive case law for its “disproportionate litigation” theory

Uniclass’ “disproportionate litigation” theory is also undermined by its failure to cite any cases—either pre- or post-*Octane*—where disproportionality was a basis for an exceptionality finding under § 285, let alone the sole basis for such a finding. Nor is ATEN aware of any such case law that supports Uniclass’ position.

Indeed, the District of Delaware’s post-*Octane* decision in *FLO TV Inc.* is instructive on this point:

> The main thrust of [defendant’s] argument appears to be that [plaintiff] should have dropped the case, or entered into a settlement, because the potential recovery from [defendant] would be dwarfed by the costs of litigation This argument fails … even if the amount of damages were small relative to the cost of litigation, which seems likely based on the arguments of the parties, the [district court] is unaware of any de minimis exception for infringement. ***It cannot be the case that a plaintiff may be subjected to monetary sanctions for failing to drop a case against a defendant if the cost of litigation exceeds the potential recovery.***

*EON Corp. IP Holdings, LLC v. FLO TV Inc.*, No. 10-812-RGA, 2014 U.S. Dist. LEXIS 71753, at *6 (May 27, 2014). In short, disproportionality, by itself, is insufficient grounds for an exceptionality finding.

Nevertheless, Uniclass makes bald assertions to this effect. For example, it proclaims that "ATEN violated the fundamental policy of proportionate litigation by spending more on its experts and attorneys than it could have recovered at trial" (Uniclass Br. at 11) and "Federal courts have recently emphasized the need for proportionality between the expenses in civil litigation and the potential recovery" (*id*. at 15). But Uniclass cites no cases in support of these assertions.

Instead, it cites only to Federal Rules of Civil Procedure 1 and 26 (*id*.), neither of which supports Uniclass' position. Rule 26 relates only to the scope of discovery that a party can obtain from its opponent—it must be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And Rule 1 provides the general maxim that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. But Uniclass does not base its appeal on any allegation that ATEN sought and received discovery from Uniclass of an improper scope. Nor did Uniclass seek to limit discovery pursuant to these Rules during litigation. Therefore, these Rules do not support Uniclass' request for fee shifting.

**d. Uniclass' cherry-picked quotations of Judge Guilford on "disproportionality" are inapposite and, in any event, were addressed in the decision below**

It is true that, during trial, Judge Guilford expressed a level of concern regarding disproportionate aspects of this case. But in every instance, Judge Guilford's concern was with the amount of public resources being spent given the amount of damages then at stake, either explicitly or as an extension of the amount of expert or attorneys' fees being spent by ATEN. *See* Uniclass Br. at 17-18 (citing Appx955 at 12:16-20 (regarding public resources)); *id*. at 18 (citing Appx955 at 12:20-13:7 (regarding ATEN's expert fees)); *id* at 19 (citing Appx1052 at 73:19-25 (regarding public resources)); *id*. at 19-20 (citing Appx1153 at 102:15-25 (regarding ATEN's attorneys' fees)).

Uniclass' cherry-picking of Judge Guilford's statements do not justify exceptionality or reversal. At most, Judge Guilford's statements were directed to both parties for their failure to resolve the dispute without trial in light of the amount of damages. Moreover, Judge Guilford never stated that a plaintiff is not entitled to a jury trial in a patent infringement case involving less than $1 million in damages.

Despite selectively citing Judge Guilford's disproportionate criticisms concerning the use of public resources, Uniclass fails to acknowledge that the judge declined to make *any finding* against ATEN on frivolousness, objective

baselessness, litigation misconduct, unreasonable litigation tactics, or anything else that could justify reversing his conclusion that, based on the totality of the circumstances, this case did not stand out from the others.

**e. Uniclass failed to show that ATEN's lost-profits claim was meritless and failed to demonstrate error in the District Court's order**

In its motion below, Uniclass dedicates only two paragraphs to an argument that it was entitled to fees because ATEN advanced an "abnormally weak" lost-profits claim. Appx239. But it is irrelevant whether a non-movant's claim "may have been weak, if it did not rise to the level of being objectively unreasonable." *Romag*, 866 F.3d at 1341. The District Court thus properly rejected Uniclass' underdeveloped argument. Appx4-6.

On appeal, Uniclass substantially expands this argument and reframes it as allegedly showing not only that ATEN's allegedly disproportionate litigation was "improperly motivated," but also that it "allowed [ATEN] to expand and prolong the case to obtain unnecessary discovery, maintain unsupportable arguments, and frivolous claim construction positions." Uniclass Br. at 20, 25. Uniclass' suggestions that the District Court abused its discretion should be rejected.

**(1) Uniclass misstates the record below**

As an initial matter, Uniclass alleges: "The [District Court] erred by failing to weigh ATEN's frivolous damages methodology and its own characterization of

unreasonableness as part of a totality-of-the-circumstances analysis." Uniclass Br. at 22 (citing *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1362 (Fed. Cir. 2017)). This is misleading for several reasons.

The District Court never found that any portion of ATEN's case was "frivolous," including its damages methodology. Nor did it ever make any "characterization of unreasonableness" as to any aspect of ATEN's case or litigation behavior. Second, any suggestion that the District Court "failed to weigh" ATEN's lost-profits claim in its totality-of-the-circumstances inquiry is disingenuous and misstates the record. In its order, the District Court explicitly referred to Uniclass' argument that ATEN "present[ed] a [lost profits] damages case that relied on 'multiple layers of guesswork,'" which it listed among the "whole slew" of Uniclass' arguments it considered. Appx3. And the District Court found that all these arguments either faulted ATEN for "rather unexceptional behavior" or were "perhaps . . . shortcomings" in ATEN's positions that did not "amount to a showing that [ATEN's] behavior was exceptional, amounting to the type of unreasonableness discussed in *Octane*."[3] Appx4; *see also* Appx7 (denying

---

[3] For the same reasons, Uniclass also mischaracterizes the record when asserting that "[t]he [D]istrict [C]ourt's order did not address its comments from trial [regarding disproportionality] or ATEN's damages model" (Uniclass Br. at 11), given that Uniclass' "whole slew" of arguments listed by the District Court also (continued…)

Uniclass' motion "[a]fter considering the parties' arguments, evidence, and the totality of the circumstances").

**(2) *AdjustaCam* is inapposite**

In addition, Uniclass' repeated reliance on *AdjustaCam* is misplaced. Uniclass Br. at 21-23. There, the Federal Circuit concluded that the record showed that the plaintiff (1) maintained its infringement case even though, as applied to the defendant's products, the infringement case was baseless after the district court's claim construction; (2) behaved "dubious[ly]" in litigating the case; and (3) applied a damages model that extracted nuisance-value settlements from many defendants while "continu[ing] to press baseless infringement contentions." *AdjustaCam*, 861 F.3d at 1360-1361. "Based on the totality of these case-specific circumstances," the Court reversed and remanded the case for entry of an award of attorneys' fees. *Id*. at 1362.

The facts here fall far short of the level of "case-specific circumstances" upon which the Court relied in *AdjustaCam*. Among other reasons, there was never a finding (nor does Uniclass allege) that ATEN's infringement claims were baseless. In fact, ATEN's success against Uniclass' motions for summary judgment on non-infringement and invalidity evidence that the claims ATEN

(…continued)
included ATEN's alleged "outspending [of] any potential recovery to overwhelm a small competitor." Appx3.

advanced at trial were not meritless. *See Medtronic*, 603 F.3d at 954 (collecting cases showing difficulty of finding case meritless if case strong enough on merits to survive summary judgment); *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (finding it "difficult to agree" that inequitable conduct defense "baseless" when it survived summary judgment). Nor was there a finding that ATEN's infringement claims were designed to extract a nuisance-value settlement[4], or that ATEN behaved "dubious[ly]" or exhibited any other improper conduct or bad faith in litigating its case.

**(3) Uniclass' appeal raises several arguments not raise or adequately developed below**

Next, Uniclass' cursory argument as to ATEN's lost-profits claim in its underlying motion—which consists of only two paragraphs—leaves little to review on appeal. Appx239. And Uniclass' improper attempt to expand its undeveloped argument by presenting new theories on appeal should not be considered by this Court. *See Fresenius USA, Inc. v. Baxter Int'l., Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009) ("If a party fails to raise an argument before the trial court, or presents only a skeletal or undeveloped argument to the trial court, we may deem that argument waived on appeal, and we do so here."); *Rentrop v. Spectranetics Corp.*, 550 F.3d 1112, 1117 (Fed. Cir. 2008) ("With a few notable exceptions, such as

[4] Uniclass' new argument on appeal that ATEN was seeking "nuisance-value damages" is addressed more fully in Section V.B.2.h below.

some jurisdictional matters, appellate courts do not consider a party's new theories, lodged first on appeal. If a litigant seeks to show error in a trial court's overlooking an argument, it must first present that argument to the trial court. In short, this court does not 'review' that which was not presented to the district court.").

**(4) Dismissal at summary judgment does not automatically trigger an exceptionality finding, and Uniclass fails to show that ATEN's lost-profits claim was objectively unreasonable or exceptionally meritless**

Further, although ATEN's lost-profits claim was ultimately rejected at summary judgment, that alone does not warrant fees. *Honeywell Int'l, Inc. v. Fujifilm Corp.*, 708 Fed. Appx. 682, 684 (Fed. Cir. Jan. 11, 2018) ("[L]osing a summary judgment motion should not automatically result in a finding of exceptional conduct."). This is because such a bright-line rule would be inconsistent with *Octane*'s requirement to conduct a *case-specific* evaluation of the strength of a party's litigating position. *See* 134 S. Ct. at 1756. Moreover, Judge Guilford's order contains no findings regarding any improper conduct or bad faith. *See* Appx136-141.

Nor does Uniclass show that ATEN's position was so objectively unreasonable or exceptionally meritless as to "set itself apart from mine-run cases to warrant a fee award." *Octane*, 134 S. Ct. at 1757. Uniclass also disregards ATEN's reasonable arguments against its underlying position. Specifically, in

opposing its motion for summary judgment on this issued (Appx1401-1417), ATEN set forth numerous, good-faith arguments in favor of its reasonable positions concerning its lost-profits claim.

For example, on appeal Uniclass first points to the fact that ATEN's damages expert, Mr. Snell, lacked sufficient data to conduct a market-share analysis and instead based his opinion on a product "mapping" theory. Uniclass Br. at 23. But as described in ATEN's opposition, because no market-share data was available, Mr. Snell reasonably relied on data from ATEN's sales witness to form his lost-profits opinion in a reasonable manner, which ATEN relied on in good faith. Appx1405-1406; Appx1411-1413; Appx92-94.

Uniclass also points to Mr. Snell's "flaw[ed]" analysis regarding market competitors and non-infringing substitutes. Uniclass Br. at 23-24. But again, Mr. Snell's positions were reasonable and made in good faith. For example, regarding competitors, he explained in his expert report: "I have recognized that, while there is competition between ATEN and Uniclass, it might not exist across the entire lines of KVM switch products. As a result, I have employed a conservative approach to estimate the portion of accused sales that ATEN likely would have made but for the alleged infringement." Appx90. And as described in ATEN's motion, ATEN advanced good-faith arguments as to market competitors (Appx1412-1413) and as to whether the products identified by Uniclass were

indeed non-infringing substitutes (Appx1413-1416).

#### f. Uniclass failed to show that ATEN's reasonable royalty claim was objectively unreasonable or exceptionally meritless, and failed to demonstrate error in the District Court's order

Uniclass also argued in its motion below that it was entitled to fees because ATEN advanced a meritless damages claim at trial. Appx242-243. The District Court correctly found against Uniclass on this issue. On appeal, Uniclass resurrects this failed argument in a single paragraph of its brief, now arguing that ATEN's reasonable royalties claim "highlight[s] [ATEN's] disproportionate litigation tactics and reveal[s] its revenge agenda." Uniclass Br. at 25-26.

Specifically, Uniclass alleges that the reasonable royalty position of ATEN's damages expert, Mr. Snell, was flawed because he "made no attempt to apply the traditional *Georgia-Pacific* facts, or any other acceptable method of calculation." Uniclass Br. at 25. In support, Uniclass cites to Mr. Snell's statement at trial that "I'm not sure how to answer that" when asked by his counsel whether his "analysis of the Georgia Pacific factors [was] consistent with your conclusions in this case." *Id*. (citing Appx932 at 127:25-128:2). But when counsel rephrased the question, he responded: "Well, yes." Appx932 at 128:3-14. And he later explained his initial answer: "I guess the reason I answered that way was because of the way the question was asked." Appx975 at 43:12-14.

Moreover, Mr. Snell also testified that he did in fact analyze the *Georgia-Pacific* factors in forming his opinion. *Id*. at 43:14-44:2. But such an analysis is not even necessary: The law expressly does "not require that [expert] witnesses use any or all of the *Georgia–Pacific* factors when testifying about damages in patent cases." *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 31 (Fed. Cir. 2012). The District Court also denied these same arguments when raised in Uniclass' Rule 50 motion at trial. Appx1128 at 4:18-21.

In fact, Mr. Snell indeed applied an "acceptable method of calculation" (Uniclass Br. at 25) with respect to his 7.5% royalty rate. It is undisputed that ATEN and Uniclass ***actually agreed to a 7.5% royalty rate*** in 2009. Appx1231. Thus, Mr. Snell's good-faith reliance on this rate was reasonable. And although Uniclass notes that the rate was temporarily decreased to 6.0%, the addendum setting this lower rate also identified additional consideration granted to ATEN. *See* Appx1236-1237. It thus does not render Mr. Snell's position unreasonable.

Like its motion for an exceptionality determination, Uniclass again failed to present sufficient evidence to show that ATEN's damages claim was objectively unreasonable or exceptionally meritless, and ignored the numerous, good-faith arguments of record that ATEN and Mr. Snell advanced in favor of their position. Nor has Uniclass demonstrated that the District Court committed any error by not finding exceptional the reasonable royalty claim that ATEN advanced at trial.

**g. Uniclass incorrectly relies on the fact that the customer defendants went to trial**

In a last-ditch effort for fees in its motion, Uniclass pointed to ATEN's decision to keep the customer defendants in the case for trial. Appx243-244. Uniclass again raises this failed argument on appeal. Uniclass Br. at 26-27.

But the District Court correctly found that Uniclass failed to show that ATEN's decision was "unreasonable." As the District Court was aware, it denied Uniclass' motion *in limine* on this very issue, which upends Uniclass' claim. Appx1502. Uniclass also admitted (as it also now does on appeal) that damages, albeit low, were at issue for these customer defendants. Uniclass Br. at 26. Moreover, ATEN was also seeking injunctive relief against them. And the District Court properly rejected Uniclass' argument that ATEN should be penalized for its good-faith decision to minimize discovery costs incurred by these defendants by instead relying on Uniclass' sales documents.

Likewise, the District Court properly rejected Uniclass' argument that "[r]ather than dismissing [the customer defendants] against which ATEN had no claim, ATEN attempted to *add* accused products for the first time in the jury instructions days before trial." Uniclass Br. at 27. Uniclass is simply incorrect. ATEN never sought to add *new products* to its product groupings, but rather *additional names* for the same products already listed; ATEN reasonably believed, in good-faith, that these were additional names for the same products used by the

customer defendants Black Box and Linkskey. Importantly, this belief is based on Uniclass' own documents, which indicated that several of the already-listed products were offered for sale under different names by these customers. *See, e.g.*, Appx1534; *see also* Appx1504-1507. And it was reasonable for ATEN to rely on Uniclass' own documents kept in the normal course of business. Moreover, Uniclass fails to explain why, if ATEN indeed had "no claim" against these customer defendants, did they not seek dismissal from the case?

Thus, the District Court did not clearly err in finding that Uniclass' arguments concerning the customer defendants failed to support an exceptionality finding.

#### h. Uniclass' arguments on appeal that were not presented below should be disregarded

In addition to the new arguments advanced by Uniclass on appeal regarding ATEN's lost-profits claims (see Section V.B.2.e.(3) above), Uniclass similarly advances additional arguments not presented to the District Court.

For example, in an attempt to bolster its "disproportionate litigation" theory, Uniclass asserts:

> ATEN's disproportionate litigation against Uniclass is not an isolated incident. In the past eight years, ATEN has sued or threatened a lawsuit to obtain a license against Belkin, StarTech, Trendnet, Zonet, and Uniclass, all of which are ATEN's competitors. Appx99-106. ATEN forced Belkin to spend an estimated one to two million dollars in legal fees before dropping its case without receiving any settlement or

> license fee. Appx104 at ¶ 122; Appx981 at 65:20-66:10; Appx986 at 86:18-87:7; Appx987 at 91:19-24.

Uniclass Br. at 21. But Uniclass made no such argument in its underlying motion for an exceptional case determination. *See* Appx212-245.

Uniclass also repeatedly refers to ATEN seeking "nuisance-value" damages—it even frames half of its arguments on appeal (Uniclass Br. at 22-27) under the heading "ATEN's nuisance value damages claim could not justify the disproportion expenditure of judicial and party resources (*id*. at 22, heading II). But again, Uniclass failed to make this argument below, nor does its underlying motion even contain the word "nuisance." *See* Appx212-245. Moreover, Uniclass' new allegation is unsupported by the record: "[t]here is no evidence that [ATEN] sought to avoid litigating the merits or that the [District Court] ever opined that [ATEN] was seeking nuisance value settlements." *See Parallel Networks, LLC v. Kayak Software Corp.*, 700 Fed. Appx. 1000, 1005 (Fed. Cir. 2017) (finding that the district court did not abuse its discretion by finding the case unexceptional).

Likewise, Uniclass alleges for the first time on appeal that ATEN brought its lost-profits claim in "bad faith." There was no such argument in Uniclass' underlying motion (*see* Appx212-245), nor did the District Court find that ATEN brought its lost-profits claim in bad faith in either its summary judgment order (*see* Appx136-141) or its fee order (Appx1-7).

Accordingly, none of these new arguments by Uniclass on appeal should be

considered by the Court when deciding whether the District Court abused its discretion. *See Fresenius*, 582 F.3d at 1296 ("If a party fails to raise an argument before the trial court, or presents only a skeletal or undeveloped argument to the trial court, we may deem that argument waived on appeal, and we do so here."); *Rentrop*, 550 F.3d at 1117 ("With a few notable exceptions, such as some jurisdictional matters, appellate courts do not consider a party's new theories, lodged first on appeal. If a litigant seeks to show error in a trial court's overlooking an argument, it must first present that argument to the trial court. In short, this court does not 'review' that which was not presented to the district court.").

## VI. CONCLUSION

For the foregoing reasons, the District Court did not abuse its discretion in its order denying Uniclass' motion for an exceptional case determination. Therefore, ATEN respectfully requests that this Court affirm the District Court's order.

December 6, 2018

Respectfully submitted,

/s/ *Lei Mei*
Lei Mei
Richard P. Hadorn
P. Andrew Riley
Laurence M. Sandell
MEI & MARK LLP
818 18th Street NW, Suite 410
Washington, DC 20006
202-256-1008

*Counsel for Plaintiff-Appellee*
*ATEN International Co., Ltd.*

## PROOF OF SERVICE

I, Lei Mei, hereby certify that on December 6, 2018, a copy of the foregoing **RESPONSE BRIEF OF PLAINTIFF-APPELLEE ATEN INTERNATIONAL CO., LTD.** was served via the ECF Filing System on all counsel of record.

Upon acceptance by the Court of the e-filed document, six paper copies of the brief will be submitted to the Court, via hand delivery, within the time provided in the Court's rules.

December 6, 2018

/s/ *Lei Mei*
Lei Mei

*Counsel for Plaintiff-Appellee*
*ATEN International Co., Ltd.*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1. This brief complies with the type-volume limitation of Federal Circuit Rule 32(a) because this brief contains 9,109 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point font and Times New Roman type style.

December 6, 2018

/s/ *Lei Mei*
Lei Mei

*Counsel for Plaintiff-Appellee ATEN International Co., Ltd.*