# United States Court of Appeals for the Federal Circuit

---

**ATEN INTERNATIONAL CO., LTD.,**
*Plaintiff-Appellee*

**v.**

**UNICLASS TECHNOLOGY CO., LTD., ELECTRONIC TECHNOLOGY CO., LTD., AIRLINK 101, PHOEBE MICRO, INC., BROADTECH INTERNATIONAL CO., LTD., DBA LINKSKEY, BLACK BOX CORPORATION, BLACK BOX CORPORATION OF PENNSYLVANIA,**
*Defendants-Appellants*

---

2018-1922

---

Appeal from the United States District Court for the Central District of California in No. 2:15-cv-04424-AG-AJW, Judge Andrew J. Guilford.

---

Decided: August 6, 2019

---

EDWARD NAIDICH, Mei & Mark LLP, Washington, DC, argued for plaintiff-appellee. Also represented by LEI MEI, RICHARD HADORN, PHILIP ANDREW RILEY, LAURENCE M. SANDELL.

JOSEPH PIA, Pia Anderson Moss Hoyt, Salt Lake City,

UT, argued for defendants-appellants. Also represented by ROBERT AYCOCK.

---

Before MOORE, WALLACH, and TARANTO, *Circuit Judges.*

MOORE, *Circuit Judge*.

Uniclass Technology Co., Ltd. ("Uniclass"), as well as Electronic Technology Co., Ltd.; Airlink 101; Phoebe Micro, Inc.; Broadtech International Co., Ltd., d/b/a Linkskey; Black Box Corporation; and Black Box Corporation of Pennsylvania (collectively the "customer defendants") (all collectively "Appellants") appeal the United States District Court for the Central District of California's order denying Appellants' motion for attorney fees. Because we hold the district court did not abuse its discretion in declining to find this an exceptional case under 35 U.S.C. § 285, we affirm.

## BACKGROUND

Uniclass and ATEN International Co., Ltd. ("ATEN") are involved in making and selling keyboard-video-mouse switch systems that allow a user to control multiple computers from a single keyboard, video device, and mouse. In 2011, Uniclass stopped making payments on a license agreement it entered with ATEN in 2009. In 2014, ATEN sued Uniclass and the customer defendants alleging infringement, seeking damages and injunctive relief. Uniclass moved for summary judgment on ATEN's lost profits theory of damages, which the district court granted in April 2017. ATEN proceeded to trial based on a reasonable royalty theory of damages, under which its expert testified that the maximum recovery (not including its requested treble damages) was $678,337. At trial, a jury found that Uniclass did not infringe the asserted claims of U.S. Patent No. 8,589,141 or U.S. Patent No. 7,640,289. It also found the asserted claims of the '141 patent invalid. ATEN

appealed various aspects of the September 2017 jury verdict separately in No. 18-1606, which we also decide today.

After trial, Uniclass moved to declare this case exceptional under 35 U.S.C. § 285, arguing that ATEN did not conduct an adequate pre-filing investigation, unnecessarily increased the costs of claim construction, drastically increased discovery costs by frequently changing counsel and infringement positions, and engaged in unreasonable litigation behavior requiring additional motion practice and leading to an expensive and disproportionate trial. The district court denied the motion.

Uniclass timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Under § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). District courts should determine whether a case is exceptional on a case-by-case basis, considering the totality of the circumstances. *Id.* We review the district court's § 285 determination for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 561 (2014). "The abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or factual error: A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* at 563 n.2 (internal quotation marks omitted).

I

Appellants focus their arguments on appeal on a theory that the district court erred in not finding this case exceptional based on ATEN's disregard for the "foundational policy" of proportionate litigation. Appellants' Br. 15–16. Appellants summarize ATEN's expenses as including over $700,000 in expert witness fees alone, without considering other expenses including attorney fees. Appellants argue that ATEN could recover, at most, $678,337 in reasonable royalty damages. *See* J.A. 902 at 7:20–8:4; J.A. 870 at 23:8–11; J.A. 923 at 90:14–15. Accordingly, Appellants argue this case is exceptional because the cost of litigating the case exceeded ATEN's potential recovery at trial. *See, e.g.*, Appellants' Br. 15–20, 25–26. We reject this argument. We see no error in the court's legal analysis and no clear error in its fact findings.

There is no per se rule that a case is exceptional if litigation costs exceed the potential damages. The District of Delaware's post-*Octane* decision in *EON* is persuasive on this point: "[The court] is unaware of any *de minimis* exception for infringement. It cannot be the case that a plaintiff may be subjected to monetary sanctions for failing to drop a case against a defendant if the cost of litigation exceeds the potential recovery." *EON Corp. IP Holdings, LLC v. FLO TV Inc.*, No. 10-812-RGA, 2014 WL 2196418, at *2 (D. Del. May 27, 2014). Litigation strategies motivating a patent suit are many, with monetary damages being one. We routinely hear cases in which damages are not at issue—for example, in appeals from the International Trade Commission, in some Hatch-Waxman cases, and other cases where only an injunction is sought. A patentee may also bring suit to deter other competitors from infringement, encourage licensing, or test a patent's ability to withstand validity challenges. *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1363–64 (Fed. Cir. 2019).

Moreover, ATEN sought injunctive relief against Uniclass, its direct competitor. This alone undermines Appellants' argument. The case could have proceeded to trial requesting only an injunction, and there would be no potential damages to compare to ATEN's expenses. We cannot conclude that the district court's decision denying Appellants' motion for fees under these circumstances amounts to an abuse of discretion.

Appellants argue the district court should be bound by its statements during trial that the court was troubled by disproportionate aspects of the case. But Appellants admit that such comments were largely directed to the amount of public resources expended on the limited recovery at issue. Appellants' Br. 17–20 (citing J.A. 955 at 12:16–20 (regarding public resources); J.A. 1052 at 73:19–25 (regarding time spent with one witness); J.A. 1053 at 80:17–22 (regarding the length of trial compared to damages at issue); J.A. 1153 at 102:15–25 (regarding ATEN's attorney fees and the amount of time spent with the witness)). Appellants cite an exchange in which the court recognized a scenario in which expenditures might understandably exceed recovery: "I just don't understand [expert expenditures of] $400,000 in a $650,000 case. When I was a lawyer, if I did that, I would be fired, or frankly, *I'd be working for a client who said: They are competitors. Spend every penny*." Appellants' Br. 18 (citing J.A. 956 at 13:2–6 (emphasis added)). We cannot conclude that the court's comments during trial regarding public resources render its subsequent decision denying fees an abuse of discretion. We see no abuse of discretion in the court's conclusion that under the totality of the circumstances this litigation was not exceptional.

## II

Appellants also argue the district court erred by failing to weigh ATEN's frivolous damages methodology in its analysis. Specifically, Appellants argue the district court

should have weighed the strength of ATEN's lost profits theory (rejected at the summary judgment stage), which Appellants allege was knowingly baseless and brought in bad faith. Appellants' Br. 22–25.

The district court did refer to Uniclass' argument that ATEN presented a weak case for lost profits that relied on guesswork, which it listed among the "whole slew" of Uniclass' arguments it considered. J.A. 3. The district court found there were "perhaps . . . shortcomings" in ATEN's positions that did not "amount to a showing that [ATEN's] behavior was exceptional, amounting to the type of unreasonableness discussed in *Octane*." J.A. 4.

Though ATEN's lost profits theory was not strong enough to withstand summary judgment, "[a] party's position . . . ultimately need not be correct for them to not 'stand[ ] out.'" *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (quoting *Octane*, 572 U.S. at 544). The district court "had no obligation to write an opinion that reveals [its] assessment of every consideration." *Univ. of Utah v. Max-Planck-Gesellschaft*, 851 F.3d 1317, 1323 (Fed. Cir. 2017). We can find no abuse of discretion in the district court's failure to discuss the strength of ATEN's lost profits theory.

## III

To the extent Appellants argue weakness in ATEN's other substantive positions justifies reversing the district court's determination that this case was not exceptional, we do not agree. Today in No. 18-1606, we reverse the district court's denial of JMOL because the jury's finding of anticipation was not supported by substantial evidence. Though we affirm as to noninfringement of the '141 and '289 patents, we note that ATEN's primary argument on appeal—that the court improperly gave claim construction disputes to the jury—was rejected because ATEN did not timely raise this issue with the court below. We find no abuse of discretion in the district court's determination

that ATEN's positions were not so objectively unreasonable or exceptionally meritless as to stand out from other cases.

We have considered Appellants' other arguments and find them without merit.

## CONCLUSION

We hold the district court did not abuse its discretion in declining to find this an exceptional case under 35 U.S.C. § 285. For the foregoing reasons, we affirm.

## **AFFIRMED**

## COSTS

Costs to ATEN.